I must respectfully dissent from the opinion of the majority in this matter. The record before this court is replete with references to the fact that the natural father of this child has been suffering from significant mental disabilities for some time now. He must have been mentally challenged when the judge who entered his divorce granted him "supervised" visitation with his son. It is clear that he was under the care of a medical doctor who prescribed "psychotropic medications" at the time he entered into an "agreement" with his ex-wife. It is simply unfair for this court, or any court, to ignore this man's plea for simple justice under this scenario.
R.C. 3107.16(B) clearly demonstrates that the Ohio Legislature was aware that stepparent adoptions are unique. In recognition of that fact, the legislature provided that a stepparent adoption could be challenged, without regard to the passage of time, if "* * * the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse." That language is clear and unequivocal. If a stepparent adoption is procured by fraud, it is reversible. Natural parents have that right, and it has been granted by the Ohio Legislature.
I do not know from the record before me if this adoption was procured by fraud. That is the problem. In his petition, appellant alleges that there were two, not one, consents for adoption presented to him by his ex-wife's attorney. One provided him with visitation rights with his son, and one did not. The one which did not provide him the rights was filed with the court. The record indicates that for five years he exercised the visitation rights he believed he had. It was not until 2000, when those visitation rights were unilaterally halted, that appellant went back to court. While representing himself, he fashioned his motion as a Civ.R. 60 exercise which was incorrect. In reality he sought to revoke his consent to adopt, and that is his right.
What appellant has alleged in his motion is that his ex-wife's lawyer tricked him. Standing alone this is a very serious allegation. When it is supported by clear evidence that he was under medication and a doctor's care for a mental condition, it becomes even more compelling. If proven, that is fraud. These allegations standing alone require a hearing. To dismiss them with the sweep of a pen, without a shred of evidence having been taken, is to elevate form over substance. I can conceive of no reason for the trial court not to conduct a hearing into this very serious allegation. We are all busy, and certainly the courts are full of frivolous pleadings. However, when an allegation as serious as this is raised, and it goes to the very legitimacy of an adoption, time must be found to find the truth. The appellant has an absolute right to be heard, as does his son through a competent guardian ad litem. Anything less is not justice. It is expediency.
The stakes are too high in this matter to sweep them aside through procedurally correct but factually deficient rulings.
 ________________________ JUDGE WILLIAM M. O'NEILL